Curia, per Frost, J.
In Perry v. Williams the plaintiff ordered the sheriff to levy on certain slaves, as the property of defendant, which the sheriff (being indemnified by the plaintiff) did levy and sell; and the plaintiff became the purchaser. His purchase exceeding the amount of his execution, it was satisfied. The owner of the slaves, having recovered the value of them in an action of trespass against the sheriff, the plaintiff was compelled to refund the value of the slaves, purchased by him and applied in satisfaction of his execution. The plaintiff brought sci. fa. against the defendant to vacate the satisfaction and give him a new execution. Judgment was given for the defendant, on the ground that there was no warranty in sheriff’s sales. If a stranger had purchased the slaves, and the value had been, recovered against him, in an action of trover by the owner, the purchaser could not recover from the defendant in execution the price he had paid. The plaintiff, purchasing, was held to be in no better condition than a stranger. The plain-tiif’s execution was satisfied, though the slaves he had taken in payment were recovered from him.
This case cannot be distinguished from that. If Jones and Hughson had purchased the property, which they ordered to be levied and sold, and Bartlett had recovered against them, they could have had no reclamation against the defendant. But strangers purchased. If Bartlett had brought trover and recovered against them, they would have had no right of action against the defendant, nor against the plaintiffs. In that case, the plaintiffs would retain, in payment of their execution, the money paid to the sheriff by the purchasers, and the latter would be the losers. This is a common case of the application of the rule that there is no warranty at sheriff’s sales, and excites no surprise or doubt.
But the application of the rule is not so obvious when it is made directly between the plaintiff and defendant, on account of the apparent contradiction of satisfaction, without payment. Yet this occurs when the plaintiff’s execution is satisfied by the purchase of property, and it is recovered from him by the owner. The person whose goods are wrongfully sold may have his remedy against a stranger who has purchased, to recover the value, or against the plaintiff and sheriff, for the wrongful taking. When the defendant is not held to warranty in favor of an innocent purchaser, still less can he be held to warranty in favor of the plaintiff, by *149 whose agency the property has been tortiously sold. The plaintiff levies and sells at his own risk and with notice that^ the sales will be applied in satisfaction of his execution, though he may be made responsible .for damages, if he has tortiously sold the property of another person, as the property of the defendant. The rule that there is no warranty, in sheriff’s sales, must be enforced in favor of the defendant, against the plaintiff, as much as against strangers. What right of action can Hughson and Jones have against Burr, to be reimbursed the damages which Bartlett has recovered against them? Burr had no agency in their trespass'when they seized and sold Bartlett’s goods. On the contrary, he protested against the proceeding. The effect of vacating the satisfaction is, a summary recovery of indemnity to the amount of their execution by Hughson and Jones against Burr. If they have no' claim against Burr for indemnity, ■they should not be enabled to recover it, by granting the motion to vacate the entry of satisfaction and give the plaintiffs a fresh execution against him.
The motion is dismissed.
Evans, Ward law, and Withers, JJ., concurred.

Motion refused.